## No. 10,423.

## WEST, ET AL. *v.* DUNCAN, ET AL.

Decided November 6, 1922.   Rehearing denied December 4, 1922.

Proceeding involving an execution sale under judgment entered on an arbitration award.   Judgment for plaintiffs.

*Affirmed.*

*On Application for Supersedeas.*

1. ARBITRATION—*Judgment—Notice.* Under the provisions of code section 317, R. S. 1908, the clerk of the district court is authorized to enter judgment upon the filing of an arbitration award, and no notice is required either of the filing of the award or entry of judgment thereon.

2. COURTS—*Power to Correct Errors.* Every court has the inherent power, in furtherance of justice, to correct the errors of its ministerial officers, and to control its own process.

3. EXECUTION—*Sale—Payment.* If the plaintiff in an execution sale becomes the purchaser, the officer ought not to exact payment in coin from him when he is clearly entitled to the proceeds of the sale.

*Error to the District Court of Grand County, Hon. Gilbert A. Walker, Judge.*

Messrs. THOMAS & THOMAS, for plaintiffs in error.

Messrs. HOWARD & MCCRILLIS, Mr. HUGH GILMORE, for defendants in error.

MR. JUSTICE WHITFORD delivered the opinion of the court.

EXECUTION was issued out of the district court on a judgment entered on the filing of an award made by arbitrators, by virtue of an agreement of the parties submitting their controversies for determination by arbitration, as provided by statute.   The sheriff, one of the plaintiffs in error, levied

the execution on the land of his co-plaintiff in error, and in due course of procedure offered the lands for sale, at which the defendants in error made the only bid by offering the amount of their judgment and tendering the·payment of the costs in cash. The sheriff refused to receive the bid for the reason that it was not made a cash bid. The court, on motion in the award proceedings, ordered the sheriff to make return of the execution in accordance with the facts, and to deliver to the defendants in error a certificate of purchase.

It is contended that the entry of judgment by the clerk of the district court upon the filing of the award with him was void because the judgment was obtained without notice to the defendants in the execution. This contention is without merit. The obvious purpose of the statute is to enable the parties to a controversy to adopt a simple, summary and inexpensive remedy as a means of finally settling their differences. Section 317 of the Code, Revised Statutes of 1908, expressly provides that upon filing of the award with the clerk of the district court the clerk shall be authorized to enter a judgment thereon. No notice is required by the statute, either of the filing of the award with the clerk or of the entry of the judgment thereon.

The contention that the court had no jurisdiction to require the sheriff to issue a certificate of purchase is not well taken. The jurisdiction of the court to entertain such a motion cannot be questioned, as every court has the inherent power for the furtherance of justice to correct the errors of its ministerial officers and to control its own process. It would be a useless thing to require the creditor in execution to hand the money to the sheriff and then have the sheriff hand it back to him, where the judgment creditor is the purchaser and the expenses and costs of sale have been paid. The ends of justice are met if the sheriff credits the amount of the debt upon the execution. .

"If the plaintiff becomes the purchaser, the officer ought not to exact payment in coin from him when he is clearly entitled to the proceeds of the sale." Freeman on Execu-

tions (3rd Ed.) Sec. 301.   We find no prejudicial error. Supersedeas denied.

Judgment affirmed.

MR. CHIEF JUSTICE SCOTT and MR. JUSTICE DENISON concur.